PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.

---

In the Matter of the Application of EDWARD FREEL for a Writ of Mandamus.

GEORGE W. PALMER, as Comptroller of the City of Brooklyn, Appellant; EDWARD FREEL, Respondent.

*Peremptory mandamus — when affirmed on appeal.*

Where the examination of the trial judge, upon an application for a writ of peremptory mandamus, as to the issues of fact material to the petitioner's right has been peculiarly exhaustive and his conclusion is that the denials are in such form and are so open to objection because of their general and indefinite character that they must be disregarded, and no adequate reason appears or is urged before the court on appeal for overturning his exercise of discretion, an order directing the mandamus to issue will be affirmed.

APPEAL by George W. Palmer, as comptroller of the city of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 2d day of March, 1895, directing that a peremptory

writ of mandamus issue directing George W. Palmer, as comptroller of the city of Brooklyn, to approve and to make and sign a warrant for the payment to Edward Freel of his claim against the city of Brooklyn.

*Albert G. McDonald* and *Alfred E. Mudge*, for the appellant.

*James R. Soley*, for the respondent.

PRATT, J.:

This is an appeal by the comptroller of the city of Brooklyn from an order of the Special Term, entered March 2, 1895, directing a peremptory mandamus to issue commanding said official to approve petitioner's claim for $82,068 and to make and sign a warrant for its payment.

The proceeding is based upon a petition and numerous affidavits. On the 16th day of December, 1889, the city, acting through its mayor and its commissioner of city works, entered into a contract with petitioner for the laying of water pipes and the construction of a reservoir. The work was to be done under the direction of the chief engineer of the department of city works. Amounts due or to become due under it were to be ascertained, determined and certified by the chief engineer.

The work was completed upon August 21, 1893. Thirty monthly estimates made as prescribed have been paid. The thirty-first monthly estimate and the thirty-second, called on its face the "final monthly estimate," have been awaiting payment since November, 1893. They constitute the petitioner's claim herein which represents their total amount less $30,000, paid by the city on account of the contract upon July 1, 1894.

The learned justice presiding at the Special Term held that the petitioner made out a full case for a peremptory mandamus. That opinion we share and the proofs and allegations of petitioner were in no way drawn into controversy. In this case, however, several answering affidavits were filed in which there was at least an attempt to controvert the main and material allegations of the petition.

To these affidavits the petitioner filed eight affidavits in reply. If the application, after this complexion was put upon it, had

seemed to the learned justice below to have presented issues of fact material to petitioner's right and fairly raised within the rules of procedure and pleading in such cases, doubtless he would at most have directed the issuance of an alternative writ. His examination of this branch of the case is peculiarly exhaustive and his conclusion is that the denials are in such form and are so open to objection because of their general and indefinite character that they must be disregarded. No adequate reason appears or is urged before us for overturning this exercise of discretion.

The case as presented may not have been absolutely free from doubt, but it was easy for the city to present its case much more forcibly if its contention is meritorious.

The corporation counsel urges that at the Special Term the case was treated as if an issue of fact was upon trial, and that it should have been treated as the determination of the question whether an issue of fact was fairly raised. This cause of grievance would have been avoided by a different presentation of the city's defenses if those defenses are susceptible of different or better presentation.

It appeared upon the argument that by no possibility could the city ever be damaged by the issue of a mandamus, for the reason that it had a large sum, ten per cent on the contract price, reserved, which would amply indemnify the city for any possible claim that the city could hereafter have arising out of the contract. There was, therefore, no possible defense suggested upon the merits, and no issue of fact raised.

If these views are correct it follows that the order must be affirmed.

BROWN, P. J., and DYKMAN, J., concurred in result.

Order affirmed, with costs.